IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER JENSEN,

                Plaintiff,                ORDER

v.

                                      20-cv-937-wmc

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                Defendant.

---

Plaintiff's counsel seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Dkt. #24.) As set forth in plaintiff's motion and attached materials, plaintiff Christopher Jensen was awarded a total $124,502 in past due and auxiliary benefits after remand from this court. Section 406(b) contemplates a fee award not to exceed 25% of the past due benefits, which here works out to a maximum award of $31,125.50, however, counsel reduced her requested amount to $27,400. Plaintiff's counsel also submitted time records, showing that this request for fees is based on 27.40 hours of work, reflecting a $1,000 implied hourly rate. (Pl.'s Mot. Ex. D (dkt. #24-4).)

The Commissioner appropriately filed a response to the § 406(b) fee request, pointing out the possibility of a "windfall recovery" by counsel because the requested fee amount implies an hourly rate of $1,078.74, if the two hours of non-attorney work is treated as the equivalent of one hour of attorney work. (Def.'s Resp. (dkt. #25) 2.)[1] *See generally Heise v. Colvin*, No. 14-CV-739-JDP, 2016 WL 7266741, at *2 (W.D. Wis. Dec. 15, 2016); *Pazour v. Saul*, No.

---

[1] In her reply brief, plaintiff's counsel was critical of the Commissioner's trustee-like role in reviewing these motions and of her focus on the implied hourly rate, but this is *exactly* the role and the information the court counts on the Commissioner to provide.

16-cv-020-wmc (W.D. Wis. Oct. 9, 2019); *Squiller v. Berryhill*, No. 15-cv-485-wmc (W.D. Wis. Aug. 18, 2017).

The court agrees with the Commissioner that had counsel requested the full $31,125.50, that would constitute a windfall, and, thus, not be reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). As this court explained in *Pazour* and *Squiller*, absent extraordinary reasons, an hourly rate of more than $1,000 is unreasonable under § 406(b). However, in this case, counsel has voluntarily reduced her fee award to $27,400.00. In light of plaintiff's counsel's extensive work on this case and the significant award obtained for plaintiff, the court concludes that an hourly rate for this case of $1,000 per hour is reasonable and sufficient to guard against a concern of windfall.

## ORDER

Accordingly, IT IS ORDERD that:

1. Counsel's motion for supplemental attorney fees under 42 U.S.C. § 406(b)(1) (dkt. #24) is GRANTED.

2. The court approves representative fees under § 406(b) in the gross amount of $27,400.00.

3. Counsel may retain the $5,262.05 previously awarded in partial satisfaction of the § 406(b) award.

4. The net amount of $22,137.95 shall be disbursed by the Commissioner from any of plaintiff's past-due benefits still being withheld and in accordance with agency policy.

Entered this 3rd day of August, 2023.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge